# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **BENNY EBERHARDT, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 8877 |
| | ) | |
| **DOROTHY BROWN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Benny Eberhardt (Eberhardt) contends in his *pro se* amended complaint that he began working for Defendant Dorothy Brown, Clerk of the Circuit Court of Cook County (Clerk's Office) in 1989. Eberhardt further alleges that in November 2010 he was a Deputy Court Clerk. According to Eberhardt, Defendants disciplined him, suspended him, denied his request for a transfer, denied his request

1

for leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and terminated his employment when he was "on [the] verge of retirement." (A. Comp. 4). Eberhardt contends that his employment "was terminated based on [his] attendance, which was due to [his] disability from on the job injuries." (A. Compl. 5). Eberhardt also contends that Defendants treated Eberhardt less favorably than white and/or non-disabled employees. Eberhardt further clams that Defendants discriminated against him because of his color in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 (Section 1981), discriminated against him because of his alleged disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and discriminated against him because of his race in violation of Title VII, 42 U.S.C. § 1983 (Section 1983), and Section 1981.

In addition, Defendants allegedly retaliated against Eberhardt for complaining about the unlawful discrimination. Eberhardt also contends that Defendants have failed to reasonably accommodate his alleged disability. Eberhardt further contends that he was subject to retaliatory discharge because he brought a workers' compensation claim and filed claims relating to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Eberhardt names in the amended complaint as a Defendant his former employer, the Clerk's Office.

Eberhardt also names as Defendants Robin Perkins (Perkins), Hollis Healy (Healy), Warren Howlett (Howlett), and Harold Goodson (Goodson) (collectively referred to as "Individual Defendants"), whom Eberhardt contends were his "former managers and supervisors." (A. Compl. 1). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Since Eberhardt is proceeding *pro se*, the court has liberally construed the allegations in the amended complaint. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

I. Title VII and ADA Claims

Defendants argue that the Title VII and ADA claims should be dismissed, contending that such claims cannot be brought against individuals, that such claims are untimely, and that Eberhardt failed to exhaust his administrative remedies in regard to such claims.

A. Claims Brought Against Individual Defendants

Defendants contend that Eberhardt cannot bring Title VII and ADA claims against Individual Defendants. In suits seeking to hold an employer liable for employment discrimination, Title VII claims and ADA claims cannot be brought against individuals in their individual capacity. *See, e.g., Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995)(indicating a supervisor is not liable in his individual capacity under Title VII); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995)(rejecting argument based on individual liability under the ADA); *Baer v. Masonite Corp.*, 2011 WL 2929166, at *2-3 (N.D. Ind. 2011) (indicating that there is no individual liability under the ADA); *Stahnke v. LMLM, Inc.*, 1996 WL 48610, at *1 (N.D. Ill. 1996)(explaining that there is no individual liability under Title VII or the ADA).

In the instant action, Eberhardt merely alleges that Individual Defendant were Eberhardt's "former managers and supervisors." (A. Compl. 1). Eberhardt does not allege facts to suggest that Individual Defendants were his employer, and he has failed to provide a legitimate basis to pursue Title VII or ADA claims against Individual Defendants. Therefore, Defendants' motion to dismiss the Title VII and ADA claims brought against Individual Defendants is granted.

B. Timeliness of Title VII and ADA Claims

Defendants also argue that all Title VII and ADA claims are untimely. In order to bring a timely Title VII or ADA claim, a plaintiff must first file an Equal Employment Opportunity Commission (EEOC) "charge within 300 days of the conduct underlying the claim." *Moore v. Vital Products, Inc.*, 641 F.3d 253, 256 (7th Cir. 2011); *see also Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005)(stating that "[a] plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter"); *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004)(explaining that the Title VII 300-day period also applies to ADA claims). In the instant action, Defendants point to allegations by Eberhardt that the alleged discrimination began in 1999, and to the fact that Eberhardt did not file an EEOC charge until 2010. (A. Compl. 2). Defendants argue that Eberhardt is relying on alleged discriminatory conduct outside the 300-day limitations period. While Eberhardt does reference discrimination beginning in 1999, Eberhardt also references more recent discrimination. For example, Eberhardt alleges that he was suspended from his job on November 12, 2010, and that his employment was subsequently terminated. Eberhardt has attached to his amended complaint a charge he filed with the EEOC indicating that he filed the charge on November 29, 2010, a

6

few weeks after the alleged discrimination. Thus, Eberhardt has alleged misconduct that falls within the 300-day period and that could support a Title VII or ADA claim. Therefore, the Title VII and ADA claims are not untimely. The court notes, however, that to the extent that Eberhardt seeks to rely on any conduct that falls outside of the 300-day period to support his Title VII and ADA claims, Eberhardt will be barred from doing so absent a showing that such evidence can be considered, for example, under the continuing violations doctrine.

### C. Naming of Defendants in EEOC Charge

Defendants argue that the Title VII and ADA claims should be dismissed since none of Defendants named in this case were named by Eberhardt in an EEOC charge prior to the instant action. Generally, a plaintiff may not pursue a Title VII or ADA claim in federal court unless the plaintiff has presented the claim in an EEOC charge and obtained a right-to-sue letter. *See, e.g., Conner*, 413 F.3d at 680. In the instant action, Eberhardt attaches to his original complaint and his amended complaint two EEOC charges (EEOC Charges). In both EEOC Charges Eberhardt names the Circuit Court of Cook County (Circuit Court) as his employer, which allegedly discriminated against him. In the amended complaint, Eberhardt names as a Defendant Dorothy Brown (Brown), Clerk of the Circuit Court of Cook County.

Eberhardt does not indicate in the caption that he is suing Brown in her individual capacity, and thus Brown is deemed to be sued only in her official capacity. *See Anderson v. City of Chicago*, 90 F.Supp.2d 926, 928 (N.D. Ill. 1999)(stating that "[g]enerally, in the absence of any designation, there is a presumption that suits against public officials name them in their official capacity only"). The claim brought against Brown in her official capacity is the same as a claim brought against the Clerk's Office. *See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 n.1 (7th Cir. 2000)(stating that "[a]n official capacity suit is the same as a suit against the entity of which the officer is an agent"). Thus, Eberhardt did not name the same party in the EEOC Charges as he names in amended complaint in this case.

Although Eberhardt did not specifically name Brown or the Clerk's Office in the EEOC Charges, there is an exception to the general EEOC charge exhaustion requirement where the filing of the EEOC charge "adequately served to notify the" correct defendant of the charge. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 906 (7th Cir. 1981)(indicating that, in considering whether the failure to name the correct defendant in an EEOC charge should bar suit against such a defendant, a court should consider: (1) "[w]hether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint," (2) "[w]hether, under

8

the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings," (3) "[w]hether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party," and (4) "[w]hether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party"); *see also Gresham-Walls v. Brown*, 2012 WL 3581634, at *2 (N.D. Ill. 2012)(finding that Dorothy Brown could be sued in her official capacity even though the Circuit Court was named in the charge); *Malone v. Illinois Dept. of Corrections*, 2009 WL 2982816, at *2 (N.D. Ill. 2009)(stating that while "[g]enerally, a party must be named as a respondent in the EEOC charge in order to be subject to suit . . . [a] party not named in the charge may be sued . . . if it had notice of the charge and an opportunity to participate in conciliation").

In the instant action, Eberhardt indicated in his EEOC Charges that he was discriminated against in his employment and that he worked as a Deputy Court Clerk. Defendants acknowledge that Eberhardt worked as a Deputy Court Clerk for the Clerk's Office, and thus the EEOC investigation into the EEOC Charges would necessarily have involved the Clerk's Office. (Reply 1). Defendants have failed to show that the Clerk's Office was not made aware of the EEOC Charges during the

9

EEOC's investigation or that the Clerk's Office did not have an opportunity to participate in a conciliation of the claims. Nor have Defendants shown that the Clerk's Office was prejudiced based on Eberhardt's failure to name it in the EEOC Charges. If Defendants are able to establish such facts, Defendants may renew this argument in a new motion to dismiss.

In addition, although Defendants argue that the Title VII and ADA claims should be dismissed because Eberhardt named the Circuit Court in the EEOC Charges, but did not name the Circuit Court in the amended complaint, the court notes that Eberhardt did name the Circuit Court as a Defendant in his original complaint filed in this action. After the court informed Eberhardt that the Circuit Court was not a suable entity, the court gave Eberhardt leave to file an amended complaint. It is apparent from the content of the EEOC Charges, the original complaint, and the amended complaint, that Eberhardt has intended to bring a claim against his former employer. The fact that Eberhardt did not correctly identify his former employer in his EEOC Charges does not automatically bar him from pursuing his Title VII and ADA claims in this case. *See Eggleston*, 657 F.2d at 906 (noting that *pro se* "[c]omplainants often file EEOC charges without the assistance of counsel and are not versed either in the technicalities of pleading or the jurisdictional requirements"). Therefore, based on the above, Defendants' motion to dismiss the

Title VII and ADA claims brought against the Clerk's Office is denied. The court is merely ruling at this juncture that Eberhardt has alleged sufficient facts to state Title VII and ADA claims against the Clerk's Office. At the summary judgment stage, Eberhardt will need to point to sufficient evidence to support his claims.

II. Section 1983 and Section 1981 Claims

Defendants argue that Brown has failed to allege sufficient facts to state Section 1983 or Section 1981 claims.

A. Official Capacity Claims

Defendants argue that Eberhardt has failed to allege facts to state a valid Section 1983 or Section 1981 *Monell* claim against the Clerk's Office. For a Section 1983 or Section 1981 *Monell* claim brought against a public entity, a plaintiff must establish "(1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011)(quoting *Darchak v. City of Chi. Bd. of Educ.,* 580 F.3d 622, 629 (7th Cir. 2009)); *see also Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 913 (7th Cir. 1999)(internal quotations omitted)(quoting in part *Jett v. Dallas*

*Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989))(stating that for a Section 1981 claim brought against a public entity, a plaintiff "must show that the violation of his right to make contracts protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases").

Eberhardt has not alleged that any policy, practice, or custom led to the alleged violation of his constitutional rights. Nor has Eberhardt alleged that a decision made by a policy-maker when acting in a policy-making capacity led to the alleged violation of his constitutional rights. Finally, even when liberally construing the allegations in Eberhardt's *pro se* complaint, Eberhardt has not alleged facts that plausibly suggest any of the above. Therefore, Defendants' motion to dismiss the Section 1983 and Section 1981 claims brought against the Clerk's Office is granted.

B.  Individual Capacity Claims

Eberhardt alleges in his amended complaint that he is bringing the Section 1981 "claims against the individual defendants." (Compl. 3). Eberhardt does not specifically indicate whether he is also pursuing his Section 1983 claims against Individual Defendants. In order for an individual to be liable under Section 1983 or Section 1981, the individual must have had some personal involvement in the unlawful discrimination. *See, e.g., Parvati Corp. v. City of Oak Forest*, 2012 WL

12

957479, at *11 (N.D. Ill. 2012)(citing *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir. 1985), for the proposition that "to be liable for race discrimination under Section 1981, an individual defendant must have personally caused or participated in discriminatory action"); *Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir. 2006)(stating that for a Section 1983 claim, "a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right," and that "[t]o be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye").

In the instant action, Eberhardt fails to provide any specific facts to plausibly suggest personal involvement by any Individual Defendants in the alleged constitutional violations. Eberhardt provides only general statements relating to alleged discrimination and retaliation over the course of a decade, and does not specifically connect any Individual Defendant to any specific misconduct. The only reference to Individual Defendants is that they "are Plaintiff's former managers and supervisors." (A. Compl. 1). Eberhardt has failed to sufficiently place Individual Defendants on notice of the claims brought against them. Therefore, all Section 1981 and Section 1983 claims brought against Individual Defendants are dismissed.

III. FMLA Interference Claim

Defendants contend that Eberhardt has failed to plead sufficient facts to state a valid FMLA interference claim. For an FMLA interference claim, a plaintiff must show: (1) that "[]he was eligible for FMLA protection," (2) that "h[is] employer was covered by the FMLA," (3) that "[]he was entitled to FMLA leave," (4) that "[]he provided sufficient notice of h[is] intent to take leave," and (5) that "h[is] employer denied h[im] benefits to which []he was entitled." *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). Eberhardt fails to allege facts that would plausibly suggest any of the above elements to be met. The only reference to the FMLA in the amended complaint is a reference to "FMLA interference," and an allegation that Eberhardt was "denied . . . FMLA leave." (Compl. 4-5). The denial of a request for FMLA leave is not automatically a violation of the FMLA. In the absence of other facts to suggest unlawful interference with Eberhardt's FMLA rights, Eberhardt has failed to state a valid FMLA claim. Therefore, Defendants' motion to dismiss the FMLA claim is granted.

IV. Retaliatory Discharge Claim

Defendants argue that Eberhardt has failed to allege sufficient facts to state a valid retaliatory discharge claim. For a retaliatory discharge claim brought under

Illinois state law, a plaintiff must establish: (1) that he was discharged, (2) that he was discharged "in retaliation for h[is] activities," and (3) "that the discharge violates a clear mandate of public policy." *Blount v. Stroud*, 904 N.E.2d 1, 9 (Ill. 2009). In the instant action, Eberhardt alleges that he was discharged because he brought a workers' compensation claim and filed claims relating to ERISA. Although it is not clear what type of claims Eberhardt refers to relating to ERISA, the Illinois Supreme Court has held that "a discharge in retaliation for the exercise of workers' compensation rights violates the public policy of Illinois," and thus it can support a retaliatory discharge claim. *Jackson v. United Parcel Service, Inc.*, 2008 WL 4425374, at *1 (S.D. Ill. 2008)(citing *Kelsay v. Motorola*, 384 N.E.2d 353, 357-58 (Ill. 1978)); *see also Hiatt v. Rockwell Intern. Corp.*, 26 F.3d 761, 767 (7th Cir. 1994)(explaining the elements for a retaliatory discharge claim brought under Illinois law "[i]n the workers' compensation context"). Therefore, Eberhardt has presented sufficient facts to state a retaliatory discharge claim and the motion to dismiss the retaliatory discharge claim is denied. The court is merely ruling at this juncture that Eberhardt has alleged sufficient facts to state a retaliatory discharge claim. At the summary judgment stage, Eberhardt will need to point to sufficient evidence to support his claim.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss all Section 1981 claims, all Section 1983 claims, the FMLA claim, and the Title VII and ADA claims brought against Individual Defendants is granted. Defendants' motion to dismiss the Title VII and ADA claims brought against the Clerk's Office and the retaliatory discharge claim is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 20, 2012