IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENNY EBERHARDT, SR., )
)
    Plaintiff, )
)
v. ) No. 11 C 8877
)
DOROTHY BROWN, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Dorothy Brown, Clerk of the Circuit Court of Cook County's (Clerk's Office) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff Benny Eberhardt (Eberhardt) contends in his *pro se* amended complaint that he began working for Defendant Dorothy Brown, Clerk of the Circuit Court of Cook County (Clerk's Office) in 1989. Eberhardt further alleges that in November 2010 he was a Deputy Court Clerk. According to Eberhardt, Defendants disciplined him, suspended him, denied his request for a transfer, denied his request for leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et*

1

*seq.*, and terminated his employment when he was "on [the] verge of retirement." (A. Comp. 4). Eberhardt further claims that Defendants discriminated against him because of his color in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 (Section 1981), discriminated against him because of his alleged disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and discriminated against him because of his race in violation of Title VII, 42 U.S.C. § 1983 (Section 1983), and Section 1981. In addition, Defendants allegedly retaliated against Eberhardt for complaining about the unlawful discrimination. Eberhardt also contends that Defendants have failed to reasonably accommodate his alleged disability in violation of the ADA. Eberhardt further contends that he was subject to retaliatory discharge because he brought a workers' compensation claim and filed claims relating to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Defendants moved to dismiss all claims and on November 20, 2012, the court granted Defendants' motion to dismiss all Section 1981 claims, all Section 1983 claims, the FMLA claim, and the Title VII and ADA claims brought against the individual Defendants. The court also denied Defendants' motion to dismiss the Title VII and ADA claims brought against the Clerk's Office and the retaliatory discharge claim. The Clerk's Office now moves for summary judgment on the remaining claims.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  ADA Claims

The Clerk's Office argues that Eberhardt is not a qualified individual with a disability and that he has not pointed to sufficient evidence to support any of his ADA claims.

### A. Qualified Individual

The Clerk's Office contends that the undisputed facts show that Eberhardt does not meet the requirements for a qualified individual under 42 U.S.C. § 12112. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability . . . ." 42 U.S.C. § 12112(a). A "qualified individual" is defined in the ADA as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

The Clerk's Office contends that the undisputed evidence shows that Eberhardt could not perform the essential job function of attending work. Eberhardt responds to the Clerk's Office's statement of material facts, indicating that he "denies" certain facts, "adds" to certain facts, asserts that "he has insufficient information to form a belief as to the truth or falsity" of certain facts, and otherwise fails to properly respond to certain facts. (R SF Par. 42, 46, 48-61). Pursuant to Local Rule 56.1, the non-moving party may admit facts or deny facts, and if the party denies facts, the party must cite to evidence in the record to support such denial. LR 56.1; *see also Donald v. Portillo's Hot Dogs, Inc.*, 2013 WL 3834402, at *3 (N.D. Ill. 2013)(explaining that "[i]f the opposing party denies a fact as true, [Local Rule 56.1] requires the opposing party to provide 'specific reference to affidavits, parts of the record, and other supporting materials' that support the denial")(quoting LR 56.1(b)); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008)(stating that "a district court has broad

discretion to require strict compliance with Local Rule 56.1"). In addition, when a party gives an evasive answer to a statement of fact, that fact is deemed to be undisputed. *See Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be admitted pursuant to Local Rule 56.1). The fact that Eberhardt is proceeding *pro se* does not excuse him from compliance with Local Rule 56.1. *See Bolden v. Barnes*, 2013 WL 5737359, at *1 (N.D. Ill. 2013)(stating that the plaintiff's "status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1"). The record also reflects that Eberhardt was given a notice pursuant to Local Rule 56.2, that explained Local Rule 56.1 to Eberhardt and informed Eberhardt that he had to "describe and include copies of documents which show why [he] disagree[s] with the defendant about the facts of the case" and informed him that if he disputes facts, he must provide evidence such as "documents or declarations." (DE 69: 2). Eberhardt's response to the Clerk's Office's statement of facts is devoid of any citations to evidence to support the responses. Eberhardt's conclusory statements that he disagrees with certain facts or desires to "add" to certain facts without supporting citations fail to comply with Local Rule 56.1.

The undisputed facts show that the Clerk's Office requires employees to have consistent work attendance and to timely notify the Clerk's Office of absences in order for the Clerk's Office to operate effectively. Pursuant to Local Rule 56.1, it is undisputed: (1) that generally, a court clerk's hours are 8:30 a.m. to 4:30 p.m., (2)

that any clerk's last minute absence, in particular a "no-call/ no-show" greatly increases the burden of the remaining clerks, and (3) that the presence of the needed number of clerks and sufficient notice of absences to secure replacement clerks is essential to the efficient operation of the Clerk's Office. (R SF Par. 48).

    The Seventh Circuit has stated that "[a]n employer is generally permitted to treat regular attendance as an essential job requirement and need not accommodate erratic or unreliable attendance" and that "[a] plaintiff whose disability prevents her from coming to work regularly cannot perform the essential functions of her job, and thus cannot be a qualified individual for ADA purposes." *Basden v. Professional Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013). Pursuant to Local Rule 56.1, it is undisputed: (1) that Eberhardt was disciplined multiple times for poor attendance in violation of the Clerk's Office's Attendance/Discipline Policy (Attendance/ Discipline Policy), (2) that Eberhardt was progressively disciplined for his poor attendance, and was suspended on four different occasions, but despite such discipline and warnings he failed to take corrective action to adhere to the Attendance/Discipline Policy, (3) that during 2010, he was off work intermittently, being absent without pay for 119.5 days, on sick leave for 7 days, and on vacation leave for 14.5 days, and (5) that he accrued 51 attendance points, which was well over the 25 attendance-point level that made Eberhardt eligible for termination under the Attendance/Discipline Policy. (RSF Par. 49, 53, 57).

Not only does the undisputed record show that Eberhardt was frequently absent from work, it is undisputed that he failed to give the Clerk's Office timely notice of absences. For example, it is undisputed, pursuant to Local Rule 56.1, that from May 2010 to February 2011, Eberhardt had eleven "no call / no show" days, including three episodes of three or more sequential days. (R SF Par. 51). Eberhardt contends that he has obtained doctors' letters for certain absences. (Ans. SJ 5); (RSF Par. 52). However, even if that were true, it is undisputed that the doctors' letters did not indicate any emergency that would have prevented Eberhardt from calling into work and notifying the Clerk's Office that he was not coming to work. (RSF Par. 52). The Clerk's Office was not required under the ADA to allow its efficiency to diminish by condoning Eberhardt's continual failure to show up for work and his failure to provide timely notification of absences. *See, e.g., Waggoner v. Olin Corp.*, 169 F.3d 481, 483 (7th Cir. 1999)(stating that a plaintiff "who failed to show that she was able to attend work reliably had for that reason 'failed to show she was qualified" for the job'"); *E.E.O.C. v. Yellow Freight System, Inc.*, 253 F.3d 943, 948 (7th Cir. 2001)(stating that "in most instances the ADA does not protect persons who have erratic, unexplainable absences"). Therefore, Eberhardt has failed to show that he is a qualified individual with a disability and he cannot prevail on any of his ADA claims.

B.  ADA Disability Discrimination Claim

The Clerk's Office argues that even if Eberhardt were a qualified individual with a disability, Eberhardt has failed to point to sufficient evidence to support his ADA discrimination claim.  A plaintiff who is bringing an ADA claim and seeks to defeat a defendant's motion for summary judgment can proceed under the direct or indirect method of proof.  *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1182 (7th Cir. 2013).

1.  Direct Method of Proof

The Clerk's Office argues that Eberhardt cannot proceed under the direct method of proof.  Under the direct method of proof, a plaintiff must "offer evidence from which an inference of discriminatory intent can be drawn" and a plaintiff may "combine these various types of evidence to present a convincing mosaic of circumstantial evidence from which a factfinder can make a reasonable inference of discriminatory intent."  *Teruggi v. CIT Group/Capital Finance, Inc.*, 709 F.3d 654, 659-60 (7th Cir. 2013)(internal quotations omitted)(quoting *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004)).  In the instant action, Eberhardt has pointed to no direct evidence of discrimination based on his alleged disability.  Nor has Eberhardt pointed to sufficient circumstantial evidence to create a convincing mosaic of circumstantial evidence from which a factfinder can make a reasonable inference of discriminatory intent.  Eberhardt offers nothing more than speculation to

support his ADA discrimination claim. Eberhardt cannot therefore proceed under the direct method of proof.

### 2. Indirect Method of Proof

The Clerk's Office also argues that Eberhardt cannot proceed under the indirect method of proof. Under the indirect method of proof, a plaintiff must establish: (1) that he "is disabled under the ADA," (2) that "[]he was meeting h[is] employer's legitimate employment expectations," (3) that "[]he suffered an adverse employment action," and (4) that "similarly situated employees without a disability were treated more favorably." *Cloe*, 712 F.3d at 1182. If a plaintiff establishes a *prima facie* case, then the defendant is required to "identify a legitimate, non-discriminatory reason for its employment decision." *Id.* If the defendant produces such a reason, the burden shifts back to the plaintiff to "prove by a preponderance of the evidence that the defendant's reasons are pretextual." *Id.* The Clerk's Office argues that Eberhardt has not pointed to sufficient evidence to show that the Clerk's Office's reason for its actions was a pretext.

In the instant action, the undisputed facts show that the Clerk's Office took disciplinary actions against Eberhardt in accordance with the provisions of the Attendance/Disciplinary Policy. Eberhardt offers nothing more than his own speculation that the given reasons are a pretext, which is not sufficient to defeat the Clerk's Office's motion for summary judgment. *See Pugh v. City of Attica, Indiana*,

259 F.3d 619, 626 (7th Cir. 2001)(indicating that a plaintiff "must provide more than his unsupported declaration that the [defendant] was mistaken in order to defeat the [defendant's] motion for summary judgment" and meet the pretext requirement). Finally, the court notes that a review of the record shows that Eberhardt has failed to specifically identify similarly situated employees outside the protected class that were treated more favorably. Eberhardt has thus failed to show that he can prevail under the indirect method on his ADA claims even if he were a qualified individual with a disability. Therefore, the Clerk's Office's motion for summary judgment on the ADA discrimination claim is granted.

C.  ADA Failure to Accommodate Claim

The Clerk's Office argues that Eberhardt has failed to point to sufficient evidence to support his ADA failure to accommodate claim. For an ADA failure to accommodate claim, a plaintiff must establish: (1) that "he is a qualified individual with a disability," (2) that "the employer was aware of his disability," and (3) that "the employer failed to reasonably accommodate the disability." *James v. Hyatt Regency Chicago*, 707 F.3d 775, 782 (7th Cir. 2013)(internal quotations omitted)(quoting *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 747-48 (7th Cir. 2011)). As indicated above, Eberhardt has not shown that he is a qualified individual with a disability. In addition, the undisputed facts show that the Clerk's Office made extensive efforts to accommodate Eberhardt's alleged disability. For example, it is

undisputed: (1) that when Eberhardt complained about discrimination based on his disability, the Clerk's Office agreed to place Eberhardt in the ADA Assistance Program, (2) that based on Eberhardt's accommodation request, he was allowed to work on light duty for a couple of weeks, and (3) that the Clerk's Office approved the purchase of an ergonomic chair for Eberhardt. (R SF Par. 37-38, 56). Although Eberhardt contends that he never received the chair, it is undisputed that it was incumbent on Eberhardt to obtain documentation from his physician to indicate the appropriate type of chair and Eberhardt never supplied the information to the Clerk's Office. (R SF Par. 56). Eberhardt has failed to show that the Clerk's Office failed to reasonably accommodate his disability. Therefore, the Clerk's Office's motion for summary judgment on the ADA failure to accommodate claim is granted.

II. Title VII Race Discrimination Claims

The Clerk's Office contends that Eberhardt has failed to point to sufficient evidence to support his Title VII race discrimination claims. A plaintiff bringing a Title VII discrimination claim can defeat a defendant's motion for summary judgment under the direct or indirect methods of proof. *Naficy v. Illinois Dept. of Human Services*, 697 F.3d 504, 509-10 (7th Cir. 2012).

A.  Direct Method of Proof

The Clerk's Office argues that Eberhardt has not pointed to sufficient evidence to proceed under the direct method of proof.  Under the direct method of proof, a plaintiff must "present 'direct or circumstantial evidence that creates a convincing mosaic of discrimination on the basis of'" the protected characteristic.  *Good v. University of Chicago Medical Center*, 673 F.3d 670, 674-75 (7th Cir. 2012)(quoting *Winsley v. Cook County*, 563 F.3d 598, 604 (7th Cir. 2009)); *see also Naficy*, 697 F.3d at 509-10 (explaining that under the "'direct method,' a plaintiff must marshal sufficient evidence, either direct or circumstantial, that an adverse employment action was motivated by discriminatory animus," and that "[c]ircumstantial evidence may be sufficient to make out a direct claim of discrimination when the plaintiff presents enough evidence to allow a reasonable factfinder to conclude that the adverse employment action was taken as a result of the plaintiff's" protected characteristic).

Eberhardt fails to present any evidence that any derogatory statements were made to him that related in any way to his race.  Eberhardt also acknowledges that other African-American employees were treated in a non-discriminatory manner by the Clerk's Office.  For example, Eberhardt contends that Brian James (James) is a co-worker and an African American, and that he was given preferential treatment and not disciplined.  (R SF Par. 33).  Eberhardt has failed to point to sufficient evidence to proceed under the direct method of proof.

12

B. Indirect Method of Proof

The Clerk's Office also argues that Eberhardt has not pointed to sufficient evidence to proceed on his Title VII race discrimination claim under the indirect method of proof. Under the indirect method of proof, a plaintiff must first establish a *prima facie* case by showing: (1) that the plaintiff "is a member of the protected class," (2) that the plaintiff "met h[is] employer's legitimate job expectations," (3) that the plaintiff "suffered an adverse employment action," and (4) that "similarly situated employees outside of the protected class were treated more favorably." *Naficy*, 697 F.3d at 511-12. If the plaintiff establishes a *prima facie* case, "the burden shifts to" the defendant "to introduce a legitimate, nondiscriminatory reason for the employment action." *Id.* If the employer introduces such a reason, the burden shifts back to the plaintiff to show that the reason is a pretext for unlawful discrimination. *Id.*

The Clerk's Office contends that Eberhardt has failed to point to a similarly situated employee outside the protected class that was treated more favorably. For example, Eberhardt contends that James was treated more favorably than him. (R SF Par. 33). However, it is undisputed that James is African-American and is not outside the protected class. (R SF Par. 33). In addition, Eberhardt contends that James was treated more favorably because of his alleged political connections, not because of his race. (R SF Par. 33). Eberhardt also contends that John McNamara (McNamara) is a Caucasian co-worker who was treated more favorably. (R SF Par.

32). However, it is undisputed that McNamara's employment was also terminated. (R SF Par. 32). Eberhardt also admits that he believes that any special treatment received by McNamara was due to his alleged political connections, not his race. (R SF Par. 32). Eberhardt also points to certain co-workers whose requests for transfers were granted. (SF Par. 18). However, Eberhardt fails to point to evidence to show that such employees had attendance disciplinary violations such as the policy violations by Eberhardt, and Eberhardt fails to show that such employees were similarly situated.

The Clerk's Office also contends that Eberhardt has failed to show that the Clerk's Office's reason for its actions was a pretext. Eberhardt has failed to present evidence that would indicate any animus against him because of his race. Eberhardt even acknowledges that James, who is African-American, received special treatment. Eberhardt relies on nothing more than his speculation in concluding that the Clerk's Office's reasons were a pretext. Therefore, based on the above, the Clerk's Office's motion for summary judgment on the Title VII race discrimination claim is granted.

The court also notes that there are not allegations in the complaint that indicate that Eberhardt is pursuing a hostile work environment claim under Title VII. However, even if Eberhardt had intended to plead such a claim, he has not pointed to sufficient evidence of severe and pervasive harassment based on his race to withstand a motion for summary judgment as to such a claim. *Vance v. Ball State*

*University*, 646 F.3d 461, 469 (7th Cir. 2011)(explaining requirements for a hostile work environment claim).

III. Title VII Retaliation

The Clerk's Office argues that Eberhardt has not pointed to sufficient evidence to prevail on his Title VII retaliation claim. A plaintiff bringing a retaliation claim that is seeking to defeat a defendant's motion for summary judgment may proceed under the direct or the indirect method of proof. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662-63 (7th Cir. 2006)(quoting *Moser v. Ind. Dept. of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005)).

    A. Direct Method of Proof

The Clerk's Office argues that Eberhardt has not pointed to sufficient evidence to proceed on his Title VII retaliation claim under the direct method of proof. Under the direct method, a plaintiff must show: (1) that he "engaged in statutorily protected activity," (2) that he "suffered an adverse employment action taken by the employer," and (3) that "a causal connection between the two." *Moser*, 406 F.3d at 903. Eberhardt has failed to show a causal connection between his complaints relating to alleged discrimination, the lawsuit he filed, and his termination. The undisputed facts show that Eberhardt failed to comply with the Attendance/Disciplinary Policy, and that the progressive disciplinary actions failed to

deter Eberhardt from violating the workplace rules. The undisputed facts also show that more than fifteen months had elapsed between the time Eberhardt complained about discrimination and the date of his termination. Even if there were a remote temporal connection, that would not suffice alone to support a retaliation claim. *See Tomanovich*, 457 F.3d at 665 (stating that "'temporal proximity is not enough to establish a genuine issue of material fact'")(quoting *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 981 (7th Cir. 2004)); *see also Majors v. General Elec. Co.*, 714 F.3d 527, 537 (7th Cir. 2013)(stating that "to survive summary judgment, the plaintiff must offer more evidence that supports the inference of a causal link between the two events than simply close temporal proximity"). Eberhardt has thus failed to point to sufficient evidence to proceed under the direct method of proof.

### B. Indirect Method of Proof

The Clerk's Office also argues that Eberhardt has not pointed to sufficient evidence to proceed on his Title VII retaliation claim under the indirect method of proof. Under the indirect method of proof a plaintiff must establish: (1) that "he engaged in a statutorily protected activity," (2) that "he met his employer's legitimate expectations, i.e., he was performing his job satisfactorily," (3) that "he suffered a materially adverse action," and (4) that "he was treated less favorably than some similarly situated employee who did not engage in the statutorily protected activity." *Harper v. C.R. England, Inc.*, 687 F.3d 297, 309 (7th Cir. 2012). If a plaintiff

16

establishes a *prima facie* case, then "the burden shifts to the defendant to articulate a non-discriminatory reason for discharging the plaintiff." *Id.* If the defendant offers such a reason, "the burden shifts back to the plaintiff to show that a genuine issue of material fact exists as to whether the defendant's proffered reason was pretextual." *Id.*

In the instant action, as explained above, the undisputed facts show that Eberhardt was not meeting his employer's legitimate expectations. For example, the undisputed facts show that Eberhardt repeatedly violated the Clerk's Office's attendance policy by failing to properly notify the Clerk's Office of absences. Eberhardt has also failed to point to a similarly-situated employee outside the protected class who was treated more favorably. Finally, Eberhardt has failed to show that the Clerk's Office's reason was a pretext for discrimination. Eberhardt admits that the basis for his retaliation claim is his belief that he was retaliated against because he filed a federal lawsuit in 2009. (R SF Par. 40). It is undisputed that Hollis Healy (Healy) took part in the decision to terminate Eberhardt and notified Eberhardt of the termination. (R SF Par. 57). However, Eberhardt admits, pursuant to Local Rule 56.1, that Healy had no knowledge of any lawsuit filed by Eberhardt when Healy made decisions concerning Eberhardt's employment. (R SF Par. 60). Nor has Eberhardt pointed to evidence to show that other decision makers were aware of the prior federal lawsuit. Eberhardt has failed to point to any evidence that would indicate that the Clerk's Office took any action based upon Eberhardt's

protected activities and has failed to show that the Clerk's Office's given reason was a pretext for unlawful retaliation. Therefore, the Clerk's Office's motion for summary judgment on the Title VII retaliation claim is granted.

IV. Retaliatory Discharge Claim

The Clerk's Office moves for summary judgment on the retaliatory discharge claim. For a retaliatory discharge claim brought under Illinois state law, a plaintiff must establish: (1) that he was discharged, (2) that he was discharged "in retaliation for h[is] activities," and (3) "that the discharge violates a clear mandate of public policy." *Blount v. Stroud*, 904 N.E.2d 1, 9 (Ill. 2009). In denying Defendants' motion to dismiss the retaliatory discharge claim, the court found that Eberhardt presented sufficient facts to state a retaliatory discharge claim. The court also indicated that at the summary judgment stage, Eberhardt will need to point to sufficient evidence to support his claim. In the instant action, as explained above, the undisputed facts do not indicate that the Clerk's Office retaliated against Eberhardt in any way relating to his workers' compensation claim or to any other protected conduct. The undisputed facts indicate that Eberhardt had significant attendance issues and failed to comply with the Clerk's Office's rules. Eberhardt has failed to point to sufficient evidence to support his retaliatory discharge claim. Therefore, the Clerk's Office's motion for summary judgment on the retaliatory discharge claim is granted.

## CONCLUSION

Based on the foregoing analysis, the Clerk's Office's motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: November 5, 2013